Walter Elbert INGRAM, Bankrupt,
Kleen Leen, Inc., Appellant,

v.

OZARK PRODUCTION CREDIT ASSO-
CIATION OF OZARK, ALABAMA,
Appellee.

No. 72-1817.

United States Court of Appeals,
Fifth Circuit.

Oct. 13, 1972.

John B. Scott, Jr., Capell, Howard, Knabe & Cobbs, P. A., Montgomery, Ala., for appellant.

L. Wayne Collier, Samuel Kaufman, Duke, Booth, Kaufman & Rothfeder, Montgomery, Ala., for appellee.

Before TUTTLE, BELL and AINS-WORTH, Circuit Judges.

PER CURIAM.

This appeal presents a contest over lien priorities in a bankruptcy proceeding. Production Credit Association had a security interest under an after acquired property clause in a mortgage in the progeny of swine leased to the bankrupt. Kleen Leen asserted a subsequent purchase money security interest which it allegedly acquired under this lease as the basis of its claim to priority. See Title 7A, § 9–312(4), Code of Alabama, which citation parallels the Uniform Commercial Code.

The proof established that Kleen Leen leased breeder stock to the bankrupt with all progeny to be the property of the bankrupt and with a first lien being granted under the least to Kleen Leen on the progeny. The district court concluded that the lease agreement created no purchase money security interest in Kleen Leen, since the obligation incurred by Kleen Leen under the lease did not enable the bankrupt debtor to acquire "rights in or the use of collateral" as

required under the Uniform Commercial Code.[1]

We agree with the district court that the first lien on the progeny which vested in Kleen Leen under the lease may not be equated with a purchase money security interest. The element of acquiring rights in or the use of collateral within the context of the statute is missing. The debtor as lessee acquired rights in and the use of the breeder stock. The progeny, which later came into existence, were not acquired as collateral within the meaning of the statute. Kleen Leen was in the same position as other suppliers to the debtor who made the swine production operation possible; e. g., a feed supplier. Kleen Leen acquired nothing more than a security interest under the lease and this lien was inferior to the security interest of Production Credit.

Affirmed.

---

1. "§ 9–107: A security interest is a 'purchase money security interest' to the extent that it is * * *
"(b) taken by a person who by making advances or incurring an obliga-tion gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."